# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CRAIG A. HOWELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. CIV-11-327-M |
| | ) |
| **MICHAEL J. ASTRUE,** *Commissioner* | ) |
| *of the Social Security Administration*, | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Craig Howell ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for child's disability insurance benefits[1] and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by filing his application seeking supplemental security income payments in April, 2006 [Tr. 152 - 157]. Then, in September, 2008, while this claim was pending on Plaintiff's request for hearing, he filed an application for child's

---

[1]To be eligible for child's disability insurance benefits, a claimant must establish, in part, that he "is under a disability . . . which began before he attained the age of 22." 42 U.S.C. § 402(d)(1)(B).

disability insurance benefits [Tr. 171 - 177]; this second claim was accelerated and combined with the supplemental security income proceeding [Tr. 21]. Plaintiff alleged that his impairments became disabling as of March 1, 1987 [Tr. 171]. An Administrative Law Judge ("ALJ") conducted a February, 2009 hearing where Plaintiff, who was represented by counsel, a vocational expert, and Plaintiff's parents all testified [Tr. 34 - 78]. In her September, 2009 decision, the ALJ found that Plaintiff retained the capacity to perform work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 21 - 33]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere

scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents several claims of error on judicial review, remand is recommended because the ALJ failed to properly address the opinion evidence provided by Plaintiff's treating physicians. Accordingly, the remaining claims will not be specifically addressed. *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's

treatment of this case on remand.").

**Analysis**

The ALJ determined that Plaintiff – forty-four years old at the time of the ALJ's decision with no past relevant work – was severely impaired by schizoaffective disorder and polysubstance abuse [Tr. 24 and 40]. She then specifically found that Plaintiff's "impairments, including the substance use disorder, meet sections 12.04, and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)) and 416.920(d)."[2] [Tr. 27]. Thus, Plaintiff was found to be presumptively disabled at the third step of the sequential evaluation process. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d). Nonetheless, this did not end the ALJ's inquiry because under Social Security regulations, "[i]f we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability[.]" 20 C.F.R. §§ 404.1535(a), 416.935(a). Upon application of these regulatory provisions, the ALJ concluded that "[b]ecause the claimant would not be disabled if he stopped the substance use . . . , the claimant's substance use disorder is a contributing factor material to the determination of disability[.]" [Tr. 32 - 33]. The question on appeal is whether this finding is free from legal error.

Plaintiff maintains that the ALJ committed legal error in her consideration of the opinions of two of Plaintiff's treating physicians, Dr. Rouse and Dr. Al-Botros [Doc. No. 15,

---

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

pp. 14 - 19]. The evidence of record reveals that Dr. Rouse wrote two letters, the first of which explained that Plaintiff had been in psychotherapy from November, 1985 until May, 1986, and that Dr. Rouse believed that Plaintiff had a severe personality disorder prior to reaching twenty-two years of age [Tr. 1068]. In a second letter, Dr. Rouse opined that Plaintiff suffers from a schizophrenic disorder that meets the requirements of 12.03 of the listed impairments [Tr. 1230]. He further stated that he had "been asked to address [Plaintiff's] chronic addiction to drugs and ethanol abuse, as a material contributing factor to [Plaintiff's] mental impairment" and that it was his "opinion that if narcotics and ethanol were taken away, the mental impairment would remain." *Id.*

Dr. Al-Botros likewise opined that Plaintiff suffered from a mental disorder that met Listing 12.03 and that such impairment would remain in the absence of narcotics and alcohol [Tr. 1219]. Dr. Al-Botros also completed a Mental Residual Functional Capacity Questionnaire [Tr. 1223 - 1227] in which he stated, in part, that Plaintiff would be "[u]nable to meet competitive standards" in dealing with normal work stress [Tr. 1225]. In addition, Dr. Al-Botros responded in the negative to the following question: "If your patient's impairments include alcohol or substance abuse, do alcohol or substance abuse contribute to any of your patient's limitations set forth above?" [Tr. 1227].

> The ALJ addressed this opinion evidence at two points in her decision:
>
> As for the opinion evidence, the Administrative Law Judge agrees with the medical source statement of Dr. Rouse and Dr. Al-Botros to the extent it is interpreted as stating that the claimant's mental impairment meets a listing, but determines that it is Listing 12.04 for schizoaffective disorder, when the claimant is experiencing exacerbation of symptoms due to abusing other drugs.

> Statements to the contrary are not supported by Dr. Al-Botros' contemporaneous treatment notes indicating the claimant was generally doing well and stabilized on medication. The record strongly indicates that without use of illicit drugs, exacerbation of symptoms is minimized.
>
> * * *
>
> As for the opinion evidence, the Administrative Law Judge has considered the February 2009 medical source statement wherein Dr. Rouse notes the claimant had a severe personality disorder beginning before the age of 22 and it would remain so even without the claimant's chronic drug addiction and alcohol abuse problems. (Exhibit 39F). As noted the Administrative Law Judge concurs the psychiatric impairment would continue, but not at totally disabling levels. The Administrative Law Judge has also considered the medical source statement from Dr. Al-Botros, dated October 6, 2008, wherein he opines the claimant is disabled due to psychiatric impairment and substance abuse does not contribute to the limitations set forth in the opinion. (Exhibit 38F). *See also Exhibit 37F*. This opinion has been considered, but it is not given controlling weight because it is at odds with his contemporaneous treatment notes, as discussed above. (Exhibit 34F).

[Tr. 28 and 31].

Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins,* 350 F.3d at 1300. The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically

6

acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300.

Once the ALJ determines that a treating source opinion is not entitled to controlling weight, she must consider the weight she does give to such opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* "Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* at 1300-1301. If she rejects the opinion completely, the ALJ must offer specific and legitimate reasons for so doing. *Id.*; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Here, with respect to Dr. Rouse's stated opinion, the ALJ found only that she "concurs the psychiatric impairment would continue, but not at totally disabling levels." [Tr. 31]. She

explained that she agreed that the psychiatric impairment would meet a listing for schizoaffective disorder "when the claimant is experiencing exacerbation of symptoms due to abusing other drugs." [Tr. 28]. Other than in a reference to Plaintiff's treatment history with Dr. Rouse [Tr. 24], the physician is not mentioned elsewhere in the decision.

As to Dr. Al-Botros, the ALJ found, as with Dr. Rouse, that she agrees that Plaintiff's mental impairment met the listing for a schizoaffective disorder "when the claimant is experiencing exacerbation of symptoms due to abusing other drugs." [Tr. 28]. She found that a contrary conclusion could not be supported by the doctor's contemporaneous treatment notes[3] which indicated that Plaintiff was "generally doing well and stabilized on medication." *Id.* She further concluded that "[t]he record strongly indicates that without use of illicit drugs, exacerbation of symptoms is minimized." *Id.* The *only* reference made by the ALJ to the Mental Residual Functional Capacity Questionnaire prepared by Dr. Al-Botros is to the doctor's opinion that "the claimant is disabled due to psychiatric impairment and substance abuse does not contribute to the limitations set forth in the opinion." [Tr. 31]. The ALJ found that "[t]his opinion has been considered, but it is not given controlling weight because it is at odds with his contemporaneous treatment notes, as discussed above." *Id.*

Thus, the ALJ rejected both doctors' opinions on the issue of whether Plaintiff's substance use disorder is a contributing factor material to the determination of disability. The question now becomes whether she offered specific and legitimate reasons for so doing.

---

[3]The ALJ's summary of Dr. Al-Botros' treatment notes is found earlier in her decision [Tr. 26].

*Watkins,* 350 F.3d at 1301; *Miller,* 99 F.3d at 976.  As to Dr. Rouse, because the ALJ provided absolutely no rationale for rejecting his opinion, there is nothing for the court to review, and remand is required on that basis alone.  *See Watkins,* 350 F.3d at 1301 (remand is required where the ALJ failed to explain the reasons for rejecting an opinion altogether). Nonetheless, with regard to the opinions of both treating physicians – and while not a rationale provided by the ALJ – the Commissioner defends the ALJ's decision by arguing, first, that "[t]o the extent that the doctors gave opinions on the materiality of Plaintiff's drug abuse, they expressed opinions on an issue reserved to the Commissioner." [Doc. No. 18, p. 9].

The Tenth Circuit has addressed the situation confronted by the ALJ in this case, one in which the claimant has another mental impairment – here, schizoaffective disorder– in addition to drug addiction or alcoholism ("DAA"), here, polysubstance dependence.  In *Salazar v. Barnhart,* 468 F.3d 615 (10th Cir. 2006), the court explained that the Commissioner of the Social Security Administration advised in a teletype with regard to the application of §§ 404.1535(a) and 416.935(a) "that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is *not* a contributing factor material to a disability determination[.]" *Id.* at 623.[4]  The court

---

[4]In this regard, the teletype notes that

> The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments.  In many of these instances, it will be very difficult
> (continued...)

9

specifically noted that "[w]ith regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant stopped using drugs or alcohol, the disability examiner should find that DAA is *not* a contributing factor material to the disability determination[.]" *Id.* Consequently, an examining psychologist's or psychiatrist's opinion on this point is not only highly probative but necessary to an adjudicator's ultimate finding, and the Commissioner's argument on this point is unavailing.

Next, and once again in connection with the opinions of both treating physicians, the Commissioner maintains that the opinions "did not address the actual issue involved in a materiality determination." [Doc. No. 18, p. 9]. The Commissioner reasons that while both doctors opined that Plaintiff's mental impairment would remain if drugs and alcohol were taken away, "[t]he proper test in a materiality analysis is not whether an impairment would remain absent drug or alcohol abuse, but whether it would remain *disabling* apart from drug or alcohol abuse." *Id.* at 10 (emphasis added). As Plaintiff correctly responds, however, "[b]oth physicians opined that the claimant met a listing, and the only fair reading of their opinions is that he would meet the listing even if he did not abuse drugs or alcohol." [Doc. No. 19, p. 8].

---

[4](...continued)
to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from the other mental impairment(s).

*Salazar v. Barnhart,* 468 F.3d 614, 623 (10th Cir. 2006).

Finally, the Commissioner submits that Dr. Al-Botros' opinion is both inconsistent with the evidence and unsupported [Doc. No. 18, p. 10] and that the ALJ specifically found that the opinion was "at odds with the contemporaneous treatment notes." *Id.* at 11. According to the Commissioner, "[g]iven the pervasive drug abuse in this case, it defies logic that drug abuse caused no limitations, especially when Plaintiff even acknowledged that 'every time he was hospitalized or heard voices was because he was on drugs' (Tr. 946)." *Id.* Nonetheless, in connection with this "acknowledgment" by Plaintiff, the undersigned notes that it was made to Dr. Al-Botros [Tr. 946 and 1188] who opined that Plaintiff would be disabled even if he stopped his polysubstance abuse.

### **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by April 5, 2012, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of March, 2012.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE